FREDERICK M. PECK, *appellant, vs.* FERDINAND E. CARY
and others, *respondents.*

Where the person who drew a will called the subscribing witnesses from an ad-
joining room, in the presence and hearing of the testator, who had already
affixed his signature, and requested them to witness the will; the testator
seeing the witnesses come into the room and there sign the instrument, as
witnesses of its execution, he making no sign of dissent; *Held* that what
was said by the scrivener must be considered as adopted by the testator as
his own act and language; and that there was a sufficient acknowledgment
and publication of the will, and request to the witnesses.

THIS is an appeal from a decree of the surrogate of the
county of New York, admitting to probate the last will
and testament of Robert S. Peck, deceased, as a will of real
and personal estate. The appellant claimed to be the sole
heir at law and next of kin of the deceased, and appealed on
the grounds that the execution of the alleged will was not
duly proved; that it was affirmatively established that the
paper was not duly executed as a will, and that Robert S.
Peck had no testamentary capacity at the time the paper was
signed. The proof, as to the execution of the will, was as
follows: Edward D. Clapp, one of the witnesses, testified that
he had seen the will before; that he saw it in the Quinne-
baug Bank, in Norwich, in 1858; in the early part of the
summer; the president was Mr. Morgan; "the name of Edward
D. Clapp is in my handwriting; Mr. Morgan, the president,
Mr. Robert Peck, Mr. Huntington and Mr. Meech were pres-
ent at the execution; I was in the bank to deposit; as I
turned to leave, Mr. Morgan requested me to witness Mr.
Peck's will; I was within ten feet of Mr. Morgan when that
request was made, going out of the door; Mr. Morgan called
me to him; Mr. Morgan was seated at a table, in the rear of
the bank, when he made that request; I went to him; Mr.
Peck was near the table; we were all very near each other;
Mr. Morgan then remarked that Robert was about making
his will; that he was going to sea, and wished to make his
will before he went, and he wished me to witness it; Robert

said nothing; I stepped up and witnessed the instrument, at the same time I fixed my name; I turned to Mr. Peck and said, 'I hope you have left me a good slice;' I remarked this pleasantly; he made no verbal response; nodded and smiled; I left the room." Mr. Huntington (another of the witnesses) testified that he was called upon to sign his name as a witness by Mr. Morgan or Mr. Peck, and says, "I was told it was Robert's will," by whom he could not recollect. Mr. Meech (another of the witnesses) testifies that he signed his name as a witness, at Mr. Morgan's request; that *Mr. Morgan requested him to sign the paper as a will*, and that the testator, he should think, was ten feet off, evidently within hearing distance. Mr. Morgan, who drew the will, testifies that the testator sat by him when he was drawing it, and that he either read it to him, or that the testator himself read it; that he suggested the necessity of witnesses, and called and requested the witnesses to sign it, the testator not being more than three or four feet off; that he heard the pleasantry of Mr. Clapp in reference to being left a slice.

*H. A. Cram,* for the appellant.

*John Graham,* for the respondents.

LEONARD, J.   1. We can find nothing in the proof, or in the provisions of the will, to warrant the conclusion that the testator's own mind was not fully and freely expressed.

2. The person who drew the will called the subscribing witnesses from an adjoining room, in the presence and hearing of the testator, who had already affixed his signature, and requested them to witness the will. There is no evidence showing any want of consciousness or intelligence of the testator, sufficient to incapacitate him from performing the act in question at this time. He said nothing in words, but sufficient transpired to show that he understood the business in which he was engaged. What was said by Mr. Morgan must

Peck *v.* Cary.

be considered as said by the testator. He heard it, saw the witnesses come into his presence, and there sign the instrument as witnesses of its execution by himself. He gave no sign of dissent, but carried out the execution in the manner indicated by the request of Mr. Morgan to the witnesses, made in his hearing and presence. If the testator had been the speaker himself, and addressed the same language to the witnesses which was used by Mr. Morgan, in his hearing, there can be no doubt that within the case of *Coffin* v. *Coffin*, (23 *N. Y. Rep.* 9,) it was a sufficient acknowledgment and publication of the will, and request to the witnesses.

What was said by Mr. Morgan was adopted by the testator as his own act and language. I think the whole proceeding, on the occasion of the execution of the will, warrants this conclusion.

The decree appealed from should be affirmed with costs.

INGRAHAM, P. J. I concur in the above decision, not because the provisions of the statute have been complied with, but because the decisions of the court of appeals, on similar questions, render a contrary decision unavailing. The statute, I think, requires something more than a mere silent acquiescence in what a bystander says.

BARNARD, J. I think the decree of the surrogate should be reversed, and the matter sent before a jury to try the competency of the testator to make a will.

Decree affirmed.

[NEW YORK GENERAL TERM, November 3, 1862. *Ingraham, Leonard* and *Barnard,* Justices.]